## HELEN S. CHONG *v.* P. Y. CHONG, ALIAS CHONG YICK CHEW.

### No. 2381.

ARGUED JUNE 21, 1939.     DECIDED JULY 8, 1939.

COKE, C. J., PETERS AND KEMP, JJ.

The appellee in her amended motion to dismiss appeal filed May 10, 1939, alleges in substance that appellant has failed to pay the alimony and support money provided by the order of this court for the months of March, April and May, 1939, except the sum of $200 paid by Chester R. Clarke, receiver appointed by the circuit court; that appellant has been guilty of fraud, contempt and inequitable conduct, all of which appears in the records of this court in appeals numbers 2410 and 2411; that appellant has been guilty of fraud, contempt and inequitable conduct in that he has intentionally and in violation of the decree herein and the orders of the lower court made extensive alterations and improvements in business thereby incurring debts of about $50,000 and thereby succeeded in wrecking financially himself, his business and his corporation, Lau Yee Chai, Limited, and causing himself and them to become insolvent, all of which he did deliberately for the purpose of defeating the rights of appellee, the orders of this court and the decree now pending before this court, all of which appears in the records of this court in appeals numbers 2410 and 2411; that appellant did, in order to cheat and defraud appellee and prevent her from recovering the alimony awarded to her by said decree and in order to defeat the said decree and orders of the lower court and the order of this court awarding temporary alimony, contemptuously and fraudulently make the extensive alterations and enlargements aforesaid to his restaurant at Waikiki contrary to the decree herein and the orders of the lower court thereby incurring claims and demands for material and labor against himself and his corporation of approximately $50,000, whereby his business and his corporation have become insolvent; that after the appointment of the receiver by the lower court he did, in furtherance of his fraudulent purpose to defeat the rights of appellee, hinder and delay and prevent the

successful carrying on of his business in the hands of the receiver, prevented the receiver from borrowing money to carry on said business, neglected his duties as an employee of said business, fomented trouble and dissatisfaction among the employees of said business in order to prevent the successful carrying on of the same by the receiver, attempted to dominate said business to the detriment of said receiver, attempted to procure thereby the resignation of said receiver in order that he might continue in control of his said corporation and, having failed to accomplish his purposes, he countenanced, encouraged and aided the filing of proceedings in bankruptcy by certain of his creditors, which proceedings are now pending in the district court of the United States entitled "In Proceedings for Corporate Reorganization" against Lau Yee Chai, Limited, No. 2763, filed April 11, 1939, wherein said corporation has filed an answer admitting its insolvency and submitting to the court a plan of reorganization, whereby he asks to be represented on the board of directors, claiming to own all of the capital stock of said corporation, with the purpose and intent of continuing himself and his friends among his creditors in the control and operation of said corporation to the detriment of appellee and in order to oust the receiver herein and defeat the rights of appellee acquired under her decree and as a result of said proceedings in said district court either the business and assets of appellant and his said corporation will be reorganized and continued under his management or will be put through the ordinary process of bankruptcy in the event the proposed reorganization is rejected.

In reply to the foregoing motion the appellant, on June 15, 1939, filed his affidavit in which he says, in substance, that his failure to pay the alimony ordered by this court was due to the action of the appellee in securing the appointment of a receiver of the personal property of

appellant and of Lau Yee Chai, Limited, from which corporation he formerly received the moneys with which to pay; that in March, April and May said corporation was operated by said receiver who purported to have appellant upon the list of employees at $600 per month, but paid affiant only $50 during that time.

Affiant admits certain of the facts set forth in the motion as fraud, contempt and inequitable conduct but denies the motives charged in the motion and says that such debts as were incurred were incurred for the sole purpose of meeting competition and to overcome the diminishing income of Lau Yee Chai, Limited, and that after said improvements were completed business increased immensely and that a majority of said debts were incurred upon an understanding with the creditors that payments would be made by long-time installments which said corporation had prospects of being able to make out of the increased profits; that shortly after said improvements were made petitioner filed an application in the court of domestic relations for the appointment of a receiver and that immediately attachments were filed and executed by creditors of said corporation and all creditors began to press for payment; that affiant believes and upon such belief alleges that the bankruptcy of said corporation, which in the past week has been adjudged a bankrupt, is solely due to the purported appointment of a receiver of said corporation by the judge of the court of domestic relations upon the petition by appellee. He specifically denies that he fomented trouble among the employees of said corporation but admits that he never recognized the jurisdiction or authority of the court of domestic relations to appoint a receiver of said corporation and admits that he believes the receiver is a trespasser upon the property and business of said corporation. He admits that when it became apparent from the filing of many suits against

the corporation and that the purported receivership was destroying all possibility of the corporation meeting its obligations, he welcomed the petition of certain creditors seeking the application of the Chandler Act to said corporation for the purpose of discharging its debts; that the district judge found that the financial affairs of said corporation did not justify the application of the Chandler Act and subsequently adjudicated such corporation a bankrupt under a petition for straight bankruptcy filed by certain other creditors of said corporation.

He admits that he feels that the rights of the appellee herein are subordinate to the claims of the creditors of said corporation and asserts that the appellee has no right against said corporation and that the judge of the court of domestic relations was without jurisdiction to appoint a receiver to take possession of and operate the business of said corporation in a divorce proceeding between libelant and libelee in which said corporation was not a party.

On the same day that the foregoing affidavit was filed the appellant filed a motion to vacate the order of allowance *pendente lite* entered in this court which is also supported by the affidavit of the appellant. This motion has not yet been argued or otherwise submitted for the decision of the court.

The records in appeals numbers 2410 and 2411 are in effect made exhibits to the motion to dismiss this appeal. The record in appeal number 2410 discloses that the circuit judge found from the evidence that appellant's only property consisted of the capital stock of Lau Yee Chai, Limited, and certain life insurance policies held by the company issuing them as security for loans made to appellant prior to the default of appellant in the payment of alimony. The uncontroverted affidavit of appellant is that prior to payment of his salary for the month of

February, 1939, the receiver appointed by the circuit judge upon the application of the appellee took possession of all of his stock in Lau Yee Chai, Limited, and assumed management of the business of said corporation and has paid appellant only $50 during the period of the receivership. Said affidavit further shows that since the filing of the amended motion to dismiss this appeal said corporation has been adjudged a bankrupt. This means of course that appellant's stock is worthless as a source of income with which to make the payment of alimony.

Failure to pay alimony as ordered does not constitute contempt when the failure is due to the financial inability of the husband (*Ando* v. *Ando*, 30 Haw. 80). The record before us shows conclusively that the appellant has, since early in March, by proceedings instituted by appellee, been deprived of his income and that he has during all of that period been entirely without means with which to comply with the order of this court.

In the proceedings for the appointment of a receiver in the court of domestic relations it was charged that the appellant was in contempt of that court. The minutes of that proceeding show that the circuit judge found that the appellant was not in contempt.

The appellee charges the appellant with certain other acts and motives, all upon information and belief, and the claim is that appellant is in contempt. All of the motives attributed to appellant are by him specifically denied and the acts are reasonably explained.

The rule that one who is in contempt is never to be heard by motion or otherwise until he has cleared himself of contempt applies only to matters of favor and a party, although in contempt, may be heard on matters of strict right. An appeal from a decree entered against one, and a review of it in an appellate court, is a matter of strict right. (*Exploration Mercantile Co.* v. *Pacific*

*H. & S. Co.*, 117 Fed. 825.)

We conclude that the appellee has not sustained the burden of establishing any of the grounds of her motion to dismiss the appeal. The motion is therefore denied.

*C. S. Davis* for the motion.

*M. K. Ashford* contra.